NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITE HERE INTERNATIONAL UNION, | No.    17-16599 |
| Petitioner-Appellee, | D.C. No. 2:16-cv-00384-TLN-EFB |
| v. | |
| SHINGLE SPRINGS BAND OF MIWOK INDIANS, | MEMORANDUM* |
| Respondent-Appellant. | |

| | |
|---|---|
| SHINGLE SPRINGS BAND OF MIWOK INDIANS, | No.    17-16600 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01057-TLN-EFB |
| v. | |
| UNITE HERE INTERNATIONAL UNION, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 14, 2018
San Francisco, California

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON, WATFORD, and FRIEDLAND, Circuit Judges.

**1.** Shingle Springs Band of Miwok Indians (the Tribe) appeals from the district court's order granting UNITE HERE International Union's motion for judgment on the pleadings in the Union's action to compel arbitration. We affirm.

The Tribe argues that the question of arbitrability is for the court to decide. Even assuming without deciding that the Tribe is correct, we agree with the Union that the parties' dispute is arbitrable. The dispute at issue concerns the interpretation of Section 5(a) of the Memorandum of Agreement (MOA), which forbids the Tribe to "directly or indirectly state or imply opposition to the selection by Bargaining Unit Employees of the Union as their exclusive representative." The Union alleges that the Tribe terminated two employees for supporting the Union, in violation of this provision. In Section 10 of the MOA, the parties agreed to submit "any disputes over the interpretation or application of [the] Agreement" to arbitration. Because the parties' dispute concerns the interpretation and application of a provision of the MOA, we conclude that the dispute is covered by the arbitration provision in Section 10.

Additionally, if we had any doubts about the scope of the arbitration provision, the presumption of arbitrability lends further support to our conclusion. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Given the broad language of the arbitration provision, we cannot say "with positive

assurance that [it] is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960). Finally, the Tribe's challenges to the rest of the contract— regarding the legality of interpreting the MOA to cover the termination dispute, and the scope of the sovereign immunity waiver—are for the arbitrator to decide. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444–46 (2006).

**2.** The Tribe also appeals from the district court's order granting the Union's motion to dismiss in the Tribe's action for declaratory relief. We affirm.

The district court did not abuse its discretion by declining jurisdiction over the declaratory action. The district court properly balanced "concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). The issues in the declaratory action were duplicative of those raised in the action to compel arbitration.

**3.** The parties' requests for judicial notice are DENIED.

**AFFIRMED.**